FILED
N CLERK'S OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MASSACHUSETTS**

2006 AUG 28  A 11: 37

**RONALD J. BELLIVEAU And BARBARA A. BELLIVEAU and**
**IRVING ZIVIAK,**

U.S. D.    RI   COURT

       **Plaintiffs,**

|  |  |  |
|---|---|---|
| | : | **C.A.** |
| | : | |
| **VS.** | : | **06-30142-MAP** |
| | : | |
| **AMERIQUEST MORTGAGE** | : | |
| **COMPANY** | : | |
|   **Defendant** | : | |

**FILING FEE PAID:**
**RECEIPT #** 306340
**AMOUNT $** 350.00
**BY DPTY CLK** MCh
**DATE** 8/28/06

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter "Regulation Z"), and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. (hereinafter "MCCDA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

1

## PARTIES AND FACTS
### FACTS RELATING TO PLAINTIFFS RONALD J. BELLIVEAU
### And BARBARA A. BELLIVEAU

4. Plaintiffs Ronald J. Belliveau and Barbara A. Belliveau reside at 7 Old County Road,

Ware, MA 01082.

5. On or about October 10, 2003 Plaintiffs Belliveau obtained a loan from Ameriquest,

secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan

were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiffs Belliveau received or signed the

following documents:

      1. A note in the principal amount of $156,500;

      2. A mortgage;

      3. A Truth in Lending statement;

      4. A notice of right to cancel, attached as Exhibit 1;

      5. A One Week Cancellation Period form; attached as Exhibit 2; and

      6. A HUD-1 Settlement Statement.

7. Later, on or about March 20, 2004 Plaintiffs Belliveau obtained another loan from

Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the

proceeds of the loan were used for personal, family or household purposes.

8. In connection with the transaction, Plaintiffs Belliveau received or signed the

following documents:

      1. A note in the principal amount of $135,000;

      2. A mortgage;

      3. A Truth in Lending statement;

      4. A notice of right to cancel, attached as Exhibit 3;

2

     5. A One Week Cancellation Period form; attached as Exhibit 4; and

     6. A HUD-1 Settlement Statement.

    9. On or about August 1, 2006  Plaintiffs Belliveau exercised their extended right to

rescind both loans for violations of TILA.  A notice of rescission was sent to Ameriquest.  A

Copy of the notices are attached as Exhibit 5-6.

    10. Ameriquest has acknowledged receipt of the notices of rescission but refused to

honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

### FACTS RELATING TO PLAINTIFF IRVING ZIVIAK

    11. Plaintiff Irving Ziviak resides at 81 Maryland St., Springfield, MA 01108.

    12. On or about January 11, 2006 Plaintiff Irving Ziviak obtained a loan from

Ameriquest, secured by his residence, for the purpose of debt consolidation.  All of the proceeds

of the loan were used for personal, family or household purposes.

    13. In connection with the transaction, Plaintiff Irving Ziviak received or signed the

following documents:

     1. A note in the principal amount of $76,000;

     2. A mortgage;

     3. A Truth in Lending statement;

     4. A notice of right to cancel, attached as Exhibit 7;

     5. A One Week Cancellation Period form; attached as Exhibit 8; and

     6. A HUD-1 Settlement Statement.

    14. On or about July 31, 2006  Plaintiff Irving Ziviak exercised his extended right to

rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A Copy

of the notice is attached as Exhibit 9.

    15. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor

the request alleging that Plaintiff received accurate disclosures under the TILA.

## DEFENDANT

16. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

17. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

18. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

19. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT AND/OR MCCDA

20. Plaintiffs incorporate ¶¶ 1-15 as if fully set out herein.

21. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided under the MCCDA and or 15 U.S.C. §1635 and 12 C.F.R. §226.23.

22. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

23. By failing to indicate the date by which the right to cancel had to be exercised

4

Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

24. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.

25. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass G.L. ch. 140D § 10(g) is identical except for citation.

26. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

5

1. A declaration that Plaintiffs are entitled to rescind;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
 Bar #629056

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre

6